UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| THOMAS COURTNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:10-CV-342 |
| ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This case is before the Court for disposition of Plaintiff's Motion for Judgment on the Pleadings [Doc. 13] and the Defendant's Motion for Summary Judgment [Doc. 17]. Plaintiff Thomas Courtney seeks judicial review of the decision by Administrative Law Judge ("ALJ") John L. McFadyen to deny him benefits, which was the final decision of defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On November 30, 2005, plaintiff filed applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") alleging disability beginning on December 10, 2002 [Tr. 93, 101, 112, 539]. After his applications were denied initially and also denied upon reconsideration, plaintiff requested a hearing. On June 18, 2008, following both an initial and supplemental hearing, the ALJ issued a decision that plaintiff was not disabled [Tr. 11–25]. The Appeals Council denied plaintiff's request for review; thus, the decision of the

ALJ became the final decision of the Commissioner [Tr. 6–8]. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**I.    ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant met the insured status requirements of the Social Security Act through March 31, 2008, but not thereafter.

2. The claimant has not engaged in substantial gainful activity since December 10, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairment: residuals from crush injury to middle and index fingers of right hand causing mild limitations (20 CFR 404.1520(c) 20 CFR(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 1520(d), 404.1525, 404.1526, 20 CFR 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) and only mild limitations in the hand with no repetitive strenuous gripping with the hand.

6. The claimant could return to his past relevant work as a waiter (20 CFR 404.1565 and 16.965).

7. Even if the claimant could not perform his past relevant work, considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant could perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

> 8. The claimant has not been under a disability, as defined in the Social Security Act, from December 10, 2002 through March 31, 2008, for Title II and through the date of this decision for Title XVI (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 21–25].

## II. DISABILITY ELIGIBILITY

An individual is eligible for SSI if he has financial need and he is aged, blind, or under a disability. *See* 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant bears the burden of proof at the first four steps. *Id.* The burden of proof shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. *Longworth v. Comm'r of Soc. Sec.*, 375 F.3d 387 (6th Cir. 2004). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be

4

affirmed. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving his entitlement to benefits. *Boyes v. Sec'y of Health & Human Serv.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

**IV. ANALYSIS**

On appeal, plaintiff argues that substantial evidence does not support the ALJ's disability determination. Plaintiff asserts that the ALJ committed reversible error by (1) failing to consider the opinion of examining clinical psychologist Robert B. Hughes, (2) failing to properly assess his credibility, and (3) improperly determining plaintiff's residual functional capacity ("RFC") [Doc. 14 pp. 15–20]. In the alternative, plaintiff contends that the case should be reversed and remanded in order for an impartial ALJ to consider plaintiff's record, as well as order additional physical and psychological tests that were ignored by the ALJ [*Id*. at 20–21]. The Commissioner responds that the ALJ's decision was supported by substantial evidence because (1) it was reasonable to reject the opinion of Dr. Hughes based on the medical expert testimony of Thomas E. Schacht, M.D., (2) the ALJ and medical expert

5

Susan Bland, M.D., discussed plaintiff's significant credibility problems at the hearing, and (3) the record evidence supports the ALJ's RFC determination that plaintiff could perform medium work with mild hand limitations [Doc. 18 pp. 16–22]. In addition, the Commissioner argues that remand is unnecessary because it was reasonable for the ALJ to determine that no additional physical or psychological testing was required for him to render a disability decision [*Id.* at 22].

### A. The ALJ's Consideration of Dr. Hughes

Plaintiff argues that the ALJ erred by failing to consider the diagnoses of severe impairments found by Dr. Hughes in June 2007 [Doc. 14 p. 15]. Specifically, plaintiff asserts that it is clear he meets the requirements of Listing 12.08 when comparing those requirements with Dr. Hughes's report. The Commissioner responds that plaintiff's argument is without merit [Doc. 18 p. 7]. The Commissioner asserts that the ALJ discussed Dr. Hughes's report "at length" when reviewing the evidence with testifying medical expert Dr. Schacht and properly relied on Dr. Schacht's testimony [*Id.* at 16]. Moreover, the Commissioner argues that plaintiff's attempt to compare Dr. Hughes's assessment with Listing 12.08 is unpersuasive because the 12 "severe impairments" noted by plaintiff are not presented as diagnoses or conditions in Dr. Hughes's report.

An ALJ may rely on a non-examining medical expert's testimony "in order to make sense of the record." *Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001). Relying on a non-examining medical expert is proper if the expert's position is based on the objective medical

6

evidence and psychological reports in the claimant's medical record. *See Barker v. Shalala*, 40 F.3d 789, 794–95 (6th Cir. 1994).

In this case, the ALJ noted that the results of Dr. Hughes's neuropsychological testing indicated that plaintiff had normal memory and no cognitive deficits [Tr. 20, 452]. In addition, the ALJ acknowledged that the rest of the test data indicated psychiatric distress, depression, and functional impairment [Tr. 20, 452]. The ALJ explained that plaintiff "only showed up for the testing, but did not return for the interview so the evaluator was left with test data to interpret blindly because they had no interview" [Tr. 20]. Therefore, the ALJ maintained that Dr. Hughes's opinion "was based solely on widely interpreted test data" [*Id*. at 20].

The ALJ's decision to discount the opinion of Dr. Hughes is supported by substantial evidence. In this case, testifying medical expert Dr. Schacht considered plaintiff's entire psychological record. At the hearing, the ALJ discussed the results of Dr. Hughes's psychological testing with Dr. Schacht. Dr. Schacht explained that Dr. Hughes was left to "blindly" interpret plaintiff's test results because while plaintiff "showed up for the testing portion of the neuropsychological evaluation, [] he did not return for the interview, so the evaluators were left with test data that they had to interpret blind because they didn't have an interview or history from him" [Tr. 586]. Moreover, Dr. Schacht indicated that plaintiff had a "limited [mental health] record that raises some conflict" [Tr. 584]. Dr. Schacht testified that plaintiff did not seek treatment for mental illness until January 2006, nor was prescribed antidepressants prior to that time period [Tr. 373–74, 585]. Therefore, the Court

7

finds substantial evidence supports the ALJ's decision to rely on the opinion of medical expert Dr. Schacht, whose testimony indicated that Dr. Hughes's opinion was based on incomplete information and subject to blind interpretation.

The Court also finds plaintiff's argument that he meets Listing 12.08 unpersuasive. A claimant bears the burden of proving that his impairment meets or equals a Listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). In order for the ALJ to find that a claimant meets or equals the requirements of a listed impairment, the claimant must meet all the criteria required by such Listing. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). Moreover, a determination of medical equivalency "must be based on medical evidence supported by acceptable clinical and diagnostic techniques." *Land v. Sec'y of Health & Human Servs.*, 814 F.2d 241, 245 (6th Cir. 1986). A claimant does not overcome his burden of proof burden by "almost" establishing a disability. *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986).

In order to meet or equal Listing 12.08, a claimant must establish the following:

> 12.08 Personality Disorders: A personality disorder exists when personality traits are inflexible and maladaptive and cause either significant impairment in social or occupational functioning or subjective distress. Characteristic features are typical of the individual's long-term functioning and are not limited to discrete episodes of illness. The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> > A. Deeply ingrained, maladaptive patterns of behavior associated with one of the following:
> >
> > > 1. Seclusiveness or autistic thinking; or

       2.      Pathologically inappropriate suspiciousness or hostility; or

       3.      Oddities of thought, perception, speech and behavior; or

       4.      Persistent disturbances of mood or affect; or

       5.      Pathological dependence, passivity, or aggressivity; or

       6.      Intense and unstable interpersonal relationships and impulsive and damaging behavior;

And

   B.      Resulting in at least two of the following:

       1.      Marked restriction of activities of daily living; or

       2.      Marked difficulties in maintaining social functioning; or

       3.      Marked difficulties in maintaining concentration, persistence, or pace; or

       4.      Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.08.

    In support of his argument, plaintiff lists twelve "severe impairments" which he asserts establish that he meets or equals Listing 12.08. Notably, Dr. Hughes made no finding regarding Listing 12.08. Therefore, plaintiff is asking the Court to speculate as to whether the findings of that report, when taken as a whole, establish that he meets or equals Listing 12.08. The Court declines to speculate regarding such issue. As the Court has previously discussed, substantial evidence supports the ALJ's decision to discredit Dr. Hughes's report because it was an incomplete assessment of plaintiff's overall mental health functioning.

9

Additionally, plaintiff failed to link specific findings of Dr. Hughes's report with all the requirements necessary to establish that he meets or equals Listing 12.08.

Moreover, there is no evidence in the record that plaintiff meets or equals Listing 12.08. Three state agency reviewing sources all concluded that plaintiff did not meet a listing impairment. First, Marvin Blase, M.D., reviewed plaintiff's mental health record in August 2005 and concluded that plaintiff did not meet or equal Listing 12.08 [Tr. 300–17]. Second, Rebecca Joslin, E.D.D., P.h.D., reviewed plaintiff's mental health record and concluded that plaintiff did not meet or equal Listing 12.08. Third, state reviewing physician William Regan, M.D., reviewed plaintiff's mental health record in January 2007 and also found that the evidence did not establish that plaintiff met or equaled Listing 12.08. Therefore, the Court finds plaintiff's argument unpersuasive because it is unsupported by substantial evidence of the record.

### B. The ALJ's Credibility Determination

Plaintiff briefly argues that the ALJ improperly discounted his credibility. The Commissioner asserts that Dr. Bland, a testifying medical expert, discussed that plaintiff's record indicated significant credibility problems [Doc. 18 p. 21].

After determining plaintiff's severe impairments, the ALJ evaluated plaintiff's residual functional capacity. Because a number of plaintiff's alleged impairments disable through their symptoms rather than the condition itself, a two-part analysis is used in evaluating complaints of disabling pain. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th. Cir. 2007); 20 C.F.R. § 416.929(a). First, there must be an underlying medically

10

Case 3:10-cv-00342-TAV-CCS   Document 19   Filed 08/10/11   Page 10 of 20   PageID #: 97

determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). If such an impairment exists, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. *Id.* Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. *Rogers*, 486 F.3d at 247; 20 C.F.R. § 416.929(a).

The ALJ evaluates the credibility of witnesses, including the claimant, who testify to the disabling symptoms, *Rogers*, 486 F.3d at 247, and "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence," *Walters*, 127 F.3d at 531. However, credibility determinations should find support in the record and not be based solely upon an "intangible or intuitive notion about an individual's credibility." *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4).

In the present case, the ALJ found that plaintiff's impairments could reasonably be expected to produce the alleged symptoms, but concluded that plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms "were not entirely credible" [Tr. 17]. The ALJ noted that: plaintiff presented multiple muscoskeletal complaints

11

to Wayne Page, M.D., with no objective findings; plaintiff's "presentations and allegations [were] wrought with inconsistencies as testified by medical expert(s) testimony, noted in consultative examinations and detailed in the overall medical evidence of record"; and Betram Henry, M.D., reported "a lot of functional overlay" which was corroborated by the medical expert testimony [Tr. 24]. Moreover, the ALJ noted that plaintiff's daily activities also undermine plaintiff's credibility. The ALJ indicated that plaintiff cares for his daughter, who is a toddler, runs errands, and shops, as well as "picks up around the house," prepares sandwiches, and microwaves food.

The Court finds that all of this evidence, taken together, more than satisfies the substantial evidence standard; therefore, the ALJ did not err in finding that plaintiff was not a credible witness.

### C. The ALJ's RFC Determination

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence [Doc. 14 p. 18]. When making his RFC finding, plaintiff contends that the ALJ failed to consider plaintiff's multitude of disabilities in combination as required by law [*Id*. at 18]. The Commissioner responds that plaintiff merely lists eighteen "disabilities," and as such, his line of argument is conclusory and should be waived [Doc. 18 p. 19]. However, the Commissioner argues that even if the Court does not find that the argument to be waived, it is unconvincing because a diagnosis alone does not establish that plaintiff is incapable of performing work [*Id*. at 19].

12

The Court finds that plaintiff's argument is perfunctory, in that he fails to direct the Court to where such diagnoses are found in the record and offers no explanation of the functional limitations that result from such diagnoses. Nevertheless, the Court will consider plaintiff's argument regarding the ALJ's RFC determination.

The ALJ determined that plaintiff had the RFC "to perform the full range of medium work as defined by 20 CFR 404.1567(c) and 416.967(c) and only mild limitations in the hand with no repetitive strenuous gripping with the hand" [Tr. 22]. Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to consider the following eighteen "disabilities": (1) major depressive disorder with occasional positive suicide ideation; (2) somatization disorder; (3) antisocial personality disorder with poor interpersonal coping skills; (4) history of bipolar disorder; (5) traumatic arthritis affecting his hands, back, hips, knees, and legs; (6) chronic back, bilateral groin, and leg pain; (7) obesity (height, 71 inches, weight 246 pounds); (8) Bell's Palsy (temporary paralysis resulting from damage or trauma to one of the two facial nerves); (9) Restless Leg Syndrome; (10) Gout; (11) numerous concussive injuries, at least one involving skull fracture; (12) crush injury to right hand; (13) inguinal hernia; (14) left leg edema; (15) difficulties in concentration; (16) deterioration of cognitive abilities; (17) visual disturbances; and (18) speech defects [Doc. 14 p. 20].

To the extent that the above list includes medical diagnoses, it is well established that a mere diagnosis of an impairment does not indicate the severity of the condition nor the limitations, if any, that it imposes on the claimant. *Young v. Sec'y of Health & Human*

13

*Servs.*, 964 F.2d 146, 151 (6th Cir. 1990). In determining a claimant's RFC, the ALJ must base his assessment upon all relevant evidence, which may include claimant's own description of limitations, medical records, and observations of treating physicians and others. *See* 20 C.F.R. § 404.1545(a).

With regard to plaintiff's asserted physical diagnoses, he fails to indicate the limitations he suffers as a result of such diagnoses. The Court is therefore left to interpret this section of plaintiff's memorandum merely as a broad argument that the cumulative weight of all of plaintiff's physical diagnoses supports a finding that plaintiff does not have the RFC to work, and that the ALJ's failure to discuss such diagnoses results in error. Plaintiff appears to argue that the ALJ reached an incorrect substantive conclusion about his RFC based on such diagnoses alone. Plaintiff does not clearly argue that there was insubstantial evidence upon which to base that conclusion. The Court notes the fact that plaintiff's record may possess substantial evidence to support a different conclusion than that reached by the ALJ, or that the Court itself might have decided plaintiff's case differently, is irrelevant. *See Crisp*, 790 F.2d at 453 n.4. It is not the Court's place to reweigh the evidence contained in the record to make its own determination of plaintiff's RFC. *See Longworth*, 402 F.3d at 595. Instead, the Court must only look to see that substantial evidence existed for the determination that was made by the ALJ.

In this case, the ALJ's RFC determination is supported by substantial evidence. The ALJ relied upon the testimony of medical expert Dr. Bland who evaluated plaintiff's entire physical record. The ALJ noted that Dr. Bland testified that plaintiff's complaints regarding

14

his hands were undermined by the fact that Vladimir A. Alexander, M.D., reviewed a worker's compensation video in February 2003, which indicated that plaintiff was "using his hands within multiple capacities and near full function of his hands for large and fine motor skills" [Tr. 18, 229]. In January 2005, x-rays of the right hand and wrist showed no abnormalities [Tr. 245–46]. Additionally, in August 2006, Wayne Page, M.D., opined that plaintiff "has a normal mobility, [and] normal ability to grasp and manipulate objects" [Tr. 383]. Dr. Page found that plaintiff "has no impairment-related physical limitations" and "[n]o other impairment-related limitations" [Tr. 384]. Likewise, Dr. Henry noted that "patient demonstrates an excessive amount of functional overlay" in an effort to distort his actual abilities [Tr. 498, 500]. Dr. Bland's testimony considered the above records, and opined that plaintiff could perform medium work with no repetitive strenuous gripping with his hands. As a result of plaintiff's lack of diagnostic testing, mostly normal examinations, and unsubstantiated complaints, the Court finds that the ALJ's acceptance of Dr. Bland's opinion is supported by substantial evidence.

With regard to plaintiff's mental diagnoses, plaintiff again does not allege any specific procedural errors by the ALJ. Plaintiff offers no support for his argument that the ALJ did not consider his "difficulties in concentration; deterioration of cognitive abilities; visual disturbances; or speech defects" [Doc. 14 p. 21]. Plaintiff's summary of the record again appears to be an attempt to convince the Court that the ALJ's substantive conclusion was incorrect. The Court reiterates that it is not its place to reweigh the evidence to make its own determination of plaintiff's RFC. Therefore, as plaintiff has presented no specific allegations

15

of error on the part of the ALJ, the Court finds that the ALJ's determination of plaintiff's mental RFC is supported by substantial evidence.

Moreover, in this case, the ALJ previously determined at step two of the sequential evaluation process that such mental limitations caused no more than "minimal limitation to perform basic mental work activities" [Tr. 21]. The ALJ found that plaintiff "experiences mild limitations in the activities of daily living, in maintaining social functioning and in maintaining social functioning and in maintaining concentration, persistence, and pace, but that he has experienced no known episodes of deterioration or decompensation" [*Id*.]. The Court found, *supra*, that substantial evidence supported the ALJ's reliance on Dr. Schacht's opinion regarding plaintiff's mental limitations.

### D.   Whether Remand is Warranted for the ALJ's Bias or for Receipt and Consideration of Test Results Obtained at Defendant's Expense[1]

Plaintiff suggests that the ALJ was biased in light of all of the evidence indicating that he was disabled [Doc. 14 p. 21]. Specifically, plaintiff contends that his voluminous Veterans Affairs ("VA") records, the abrupt termination of his first hearing without testimony from the vocational witness, and the ALJ's decision to rely on non-examining consultants rather than treating personnel, all indicate the ALJ's bias in this case [*Id*. at 20–21]. In addition, plaintiff argues that if benefits are not to be awarded on the basis of the

---

[1]Plaintiff reiterates his arguments that this case should be remanded in order for the ALJ to consider plaintiff's individual "disabilities," and the opinion of Doctor Hughes. The Court has analyzed such arguments, *supra*, and will not consider whether remand is warranted for consideration of these issues by a new and impartial judge.

existing record, then the case should be reversed and remanded to the Commissioner for the purpose of obtaining physical and psychological testing performed at his expense [*Id.* at 21]. The Commissioner responds that, in a one sentence argument, plaintiff makes a serious allegation of bias based on the ALJ's termination of the first hearing after determining further testing was necessary, his reliance on state agency reviewing physicians, and his discussion of the VA records [Doc. 18 p. 23]. In addition, the Commissioner argues that given plaintiff's medical records and the lengthy testimony of two medical experts, the ALJ had all of the information he needed for a disability determination. The Commissioner maintains that it was reasonable for the ALJ not to order an additional consultative exam [*Id.* at 23].

First, with respect to plaintiff's claim that the ALJ's treatment of his case suggested bias, the Sixth Circuit Court of Appeals has held that "[w]e presume that judicial and quasijudicial officers, including ALJs, carry out their duties fairly and impartially." *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 856 (6th Cir. 2011). The plaintiff "bears the burden of making a strong showing of bias." *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004) (internal citations and quotations omitted). "[A]ny alleged prejudice on the part of the decision maker must be evidence from the record and cannot be based on speculation or inference." *Navistar Int'l Transp. Corp. v. U.S.E.P.A.*, 941 F.2d 1339, 1360 (6th Cir. 1991).

Case 3:10-cv-00342-TAV-CCS   Document 19   Filed 08/10/11   Page 17 of 20   PageID #: 104

In this case, the ALJ's decision to end the first hearing in order to obtain additional testing hardly constitutes bias. Additionally, plaintiff's contention that the ALJ weighed evidence in a way he disagreed with does not constitute bias. The Court finds that plaintiff failed to demonstrate bias in any way other than speculation, and therefore rejects the bald assertion that the ALJ showed bias in this case.

With respect to plaintiff's argument that the case should be remanded in order for the Commissioner to consider the results of additional physical and psychological testing performed at his expense, generally, a DIB claimant has to prove to the SSA that he is disabled in order to receive benefits. 20 C.F.R. § 404.1512(a); *see Walters*, 127 F.3d at 529. Therefore, the claimant "must bring to [the SSA's] attention everything that shows that [he is] disabled." 20 C.F.R. § 404.1512(a). "This means that [the claimant] must furnish medical and other evidence that [the SSA] can use to reach conclusions about [the claimant's] medical impairment(s) and, if material to the determination of whether [the claimant is] disabled, its effect on [his] ability to work on a sustained basis." *Id.* The SSA will consider only impairments that the claimant says he has or about which it receives evidence. *Id.* "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Yuckert*, 482 U.S. at 146 n.5.

Although a claimant has the burden of proving his entitlement to DIB, an ALJ "*may* ask for and consider the opinion of a medical or psychological expert concerning whether [the claimant's] impairment(s) could reasonably be expected to [the claimant's] alleged

18

symptoms." 20 C.F.R. § 404.1529(b) (emphasis added). An ALJ may order a consultative examination for a claimant "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision" on the claim. 20 C.F.R. § 404.1519a.

The Court finds plaintiff's argument unpersuasive. In this case, after the first hearing, the ALJ ordered a consultative examination [Tr. 573]. In addition, at the time of plaintiff's second hearing, there were seven consultative evaluations on file [Tr. 278–83, 285–93, 379–84, 385–90, 451–53, 492–502, 505–14]. Moreover, the ALJ obtained two medical experts to testify regarding both plaintiff's physical and mental limitations. Both medical experts testified regarding plaintiff's full medical record. Therefore, the Court finds that the ALJ was acting within his discretion by not ordering additional consultative evaluations. Moreover, the Court finds that remanding this case in order to allow a new ALJ to order further consultative evaluations is not warranted, because the ALJ made his disability determination based on plaintiff's developed and extensive medical history.

## V. CONCLUSION

In sum, the Court finds that the ALJ properly reviewed and weighed all of the medical source opinions to determine plaintiff is capable of performing medium work with some limitation. Substantial evidence supports the ALJ's findings and conclusions. Therefore, Plaintiff's Motion for Judgment on the Pleadings or, Alternatively, for Remand to Receive and Consider Additional Evidence Before a New and Impartial Administrative Law Judge [Doc. 13] will be **DENIED** and the Commissioner's Motion for Summary Judgment [Doc.
19

17] will be **GRANTED**, and this case will be **DISMISSED**. The Clerk of the Court will be **DIRECTED** to close this case.

      ORDER ACCORDINGLY.

                                      s/ Thomas A. Varlan
                                      UNITED STATES DISTRICT JUDGE